# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:18-cv-100-FDW

| | |
|---|---|
| **ROBERT WOODWARD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| **COY REID, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff is proceeding in forma pauperis. (Doc. No. 5).

## I.  BACKGROUND

Pro se Plaintiff Robert Woodward, a North Carolina inmate currently incarcerated at Alexander Correctional Center in Taylorsville, North Carolina, filed this action on June 21, 2018, pursuant to 42 U.S.C. § 1983, naming the following persons as Defendants: Catawba County Sheriff Coy Reid and "numerous John and Jane Does," unidentified persons alleged to be employed at all relevant times at the Catawba County Detention Center. Plaintiff purports to bring a claim against Defendants for a violation of his rights under the U.S. Constitution based on the conditions of confinement while Plaintiff was incarcerated as a pre-trial detainee in the Catawba County Detention Center between February 5 and February 8, 2018. In support of his claim, Plaintiff alleges the following facts:

> I was forced to live in extremely inhumane conditions for 4 days without cleaning supplies, during flu season, I might add deprived of shower shoes and the

> opportunity to shower and clean and sanitize my cell. It was literally the worst 4 days of my life. The toilet seat was sticky, the drain was stopped up with stagnated water and puke. Blood tissue was all over the floor. Denied access to kiosk to file grievance and fill out sick calls to get my dressing change on open wounds. Like I've said it was literally a mini torture chamber. Barely enough room for two grown men to stand up at the same time much less exercise! The smell was so bad you couldn't eat your meals.

(Doc. No. 1 at 3-4). For requested relief, Plaintiff requests compensatory and punitive damages. (Id. at 5).

## II. STANDARD OF REVIEW

Because Plaintiff seeks to proceed in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.[1] Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir.

---

[1] Because Plaintiff was a pre-trial detainee at all relevant times, his conditions-of-confinement claim is analyzed under the Fourteenth Amendment due process clause, but the analysis is the same as Eighth Amendment claims.

1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). Rather, extreme deprivations are required, and "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal quotation omitted)). The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994). A plaintiff must also generally allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

The Court will dismiss this action for failure to state a claim. Here, even taking Plaintiff's allegations as true, Plaintiff has not alleged a cognizable claim for a violation of his constitutional rights based on conditions of confinement. The length of exposure to allegedly unsanitary conditions or deprivations is one consideration in evaluating the objective prong of a claim of unconstitutional conditions of confinement. As the Supreme Court has emphasized: "[T]he length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards. A filthy, overcrowded cell ... might be tolerable for a few days and intolerably cruel for weeks or months." Hutto v. Finney, 437 U.S. 678, 686-87 (1978). At most, Plaintiff alleges that for four days, he was exposed to unsanitary conditions, including a smelly, crowded jail cell, and he was deprived of shower shoes and showers. Although these conditions might rise to the level of a constitutional violation if they had persisted for weeks or months, Plaintiff was exposed to these conditions for only four days. Plaintiff's allegations simply do not give rise to the extreme deprivations denying Plaintiff the minimal civilized measure of life's

necessities sufficient to state a claim for an Eighth Amendment violation.  Accord Wiley v. Ky. Dep't of Corr., No. 11-97-HRW, 2012 WL 5878678, at *4 (E.D. Ky. Nov. 21, 2012) (holding an inmate's placement in a "dry cell" with no running water failed to state a constitutional claim because the discomforts the inmate experienced lasted for only 14 days); Brookins v. Williams, 402 F. Supp. 2d 508, 513 (D. Del. 2005) (finding that being subjected to poor conditions in jail for five days did not amount to a constitutional violation); Gilland v. Owens, 718 F. Supp. 665, 685 (W.D. Tenn. 1989) ("Short term deprivations of toilet paper, towels, sheets, blankets, mattresses, toothpaste, toothbrushes and the like do not rise to the level of a constitutional violation.").

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's action is dismissed for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim.
2. The Clerk is directed to terminate this action.

Signed: August 27, 2018

Frank D. Whitney
Chief United States District Judge