# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:18-cv-00100-FDW

| | |
|---|---|
| ROBERT WOODWARD, ) | |
| ) | |
|        **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| COY REID, et al., ) | **ORDER** |
| ) | |
|        **Defendants.** ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's "Motion for Reconsideration," which this Court construes as a motion to alter or amend under Rule 59(e) of the Federal Rules of Civil Procedure. [Doc. 12].

On June 21, 2018, Plaintiff, a North Carolina inmate, filed the underlying lawsuit pursuant to 42 U.S.C. § 1983. Plaintiff sought to bring a claim against Defendants for a violation of his rights under the U.S. Constitution based on the conditions of confinement while Plaintiff was incarcerated as a pre-trial detainee in the Catawba County Detention Center between February 5 and February 8, 2018. In an Order dated August 27, 2018, this Court dismissed Plaintiff's claims on initial review for failure to state a claim. [Doc. 6]. On April 3, 2019, Plaintiff filed the pending motion. [Doc. 12].

For motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit has explained that:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law. Plaintiff's motion merely rehashes allegations that this Court already deemed insufficient to state a claim under 42 U.S.C. § 1983. [See Doc. 1]. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. Additionally, Plaintiff's motion for reconsideration was made out of time, in any event. Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). In sum, the Court will deny Plaintiff's motion.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion for Reconsideration" [Doc. 12] is **DENIED**.

**IT IS SO ORDERED**.

Signed: May 6, 2019

Frank D. Whitney
Chief United States District Judge